## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LAP DISTRIBUTORS, INC.**, a Pennsylvania corporation, individually and on behalf of all others similarly situated, | Case No. : 1:19-cv-6317 |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **GLOBAL CONTACT - INTERNATIONAL PUBLISHING CORPORATION**, a New Jersey corporation, | |
| *Defendant.* | |

## <u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Lap Distributors, Inc. ("Lap Distributors" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Global Contact - International Publishing Corporation ("Global Contact" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### ALLEGATIONS PURSUANT TO LOCAL CIVIL RULE 10.1

1.    The names and addresses of the parties to this action are as follows:

    a.    Plaintiff Lap Distributors is a Pennsylvania corporation with its

    headquarters located at 3515 Amber Street, Philadelphia, Pennsylvania

    19134.

b.    Defendant Global Contact is a New Jersey corporation with its

headquarters located at 16 W Main Street Marlton, New Jersey 08053.

## NATURE OF THE ACTION

2.    Global Contact is a national company that purports to offer international trade

import / export management & consulting services. In reality, through misleading and unlawfully

faxed advertisements, Global Contact solicits small businesses to submit listings in their print

and online directories.

3.    In an attempt to generate sales leads, and ultimately increase its revenues, Global

Contact created a fax-based marketing campaign wherein it sent numerous unsolicited faxes

advertising its products and services across the country.

4.    Global Contact sent the fax advertisements at issue to Plaintiff and members of

the Class (defined below) despite: (i) having no previous relationship with them; and (ii) never

receiving the recipients' consent to receive such faxes.

5.    The federal Telephone Consumer Protection Act of 1991, as amended by the Junk

Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations

promulgated under the Act, prohibits a person or entity from faxing or having an agent fax

advertisements without the recipient's prior express consent, invitation, and permission. The

JFPA provides a private right of action and provides statutory damages of $500 per violation,

which, to the extent Defendant's misconduct is determined to be willful, the Court may treble

under 47 U.S.C. § 227(b)(3).

6.    As such, Defendant's fax advertisements violate the JFPA, and caused Plaintiff

and members of the Class to suffer actual harm, including the aggravation and nuisance of

receiving such faxes, the loss of use of their fax machines during the receipt of such faxes,

increased labor expenses, and the loss of any ink and paper used to print them.

7.      Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Class, along with costs and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff Lap Distributors is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania.

9.      Defendant Global Contact is a corporation incorporated and existing under the laws of the State of New Jersey. Global Contact maintains its principal office at 16 W Main Street, Marlton, New Jersey 08053. Global Contact systemically and continuously conducts business throughout this District, the State of New Jersey, and the United States. Global Contact can be served through its registered agent, John Delfinious, located at 16 W Main Street, Marlton, New Jersey 08053.

## JURISDICTION & VENUE

10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

11.     The Court has personal jurisdiction over Global contact and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in, or was directed from, this District. Additionally, venue is proper in this District because Defendant resides in this District.

## COMMON ALLEGATIONS OF FACT

12.     Global Contact publishes print and online directories of small businesses.

13.    In order to boost sales and increase its revenues, Global Contact sends numerous faxes soliciting small businesses to submit listings in Global Contact's print and online directories.

14.    This is not a new practice.  Global Contact has engaged in this unlawful behavior for at least nine years. Consumer complaints about Global Contact's misleading and unlawful faxes are legion. Some examples from online consumer complaint boards include:

- I receive a fax weekly from this company...Unable to get them to remove my fax number from their contact list.[1]

- I'm also getting them from "The NAFTA Register", a scam to try to get $110 from you to get listed in a "printed directory" and "free on the Internet's World Wide Web."[2]

- Quit sending faxes to this number![3]

- The company that I work for receives quarterly invoices from this "Business". We have never listed our company with them. They do not answer phone calls or faxes when we inquire to remove us from their mailing list.[4]

- These people keeping wasting my paper sending faxes to me for something we do not participate in being a Municipality.[5]

- These laughable bozos have invoiced me annually for 13 years with their lame past due form. I guess I should mention my company has been defunct for 15 years. That should tell you how RELIABLE their data base is.[6]

15.    Global Contact sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

---

[1] https://800notes.com/Phone.aspx/1-877-284-7887/2

[2] *Id.*

[3] *Id.*

[4] https://www.bbb.org/us/nj/marlton/profile/publishers-directory/global-contact-inc-0221-27000515/customer-reviews

[5] https://800notes.com/Phone.aspx/1-877-284-7887/3

[6] https://www.consumeraffairs.com/business/global.html

16.     The faxes sent by Global Contact constitute advertisements because they promote the commercial availability and quality of print and online directories, and listings in those directories, available for purchase through Global Contact.

17.     Global Contact used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

## FACTS SPECIFIC TO PLAINTIFF LAP DISTRIBUTORS

18.     On or around October 30, 2018, Global Contact used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Lap Distributors. (A true and accurate copy of the October 30, 2018 fax advertisement is attached hereto as Exhibit A).

19.     Defendant's faxes promoted print and online directories, and listings in those directories. (See Ex. A.)

20.     Plaintiff Lap Distributors had no prior business relationship with Global Contact and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

21.     Global Contact created the content of the fax advertisements and transmitted them to Plaintiff and members of the Class with the intention of generating sales and increasing its revenues.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of the class defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Global Contact, (iv) for whom Global Contact did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

23.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24.     **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Global Contact faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

25.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Global Contact violated the JFPA with respect to Plaintiff, then it violated the JFPA with respect to the other members of the Class. Plaintiff and members of the Class sustained damages as a result of Defendant's uniform wrongful conduct.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**No Consent Class:**

a.     How Global Contact gathered, compiled, or obtained the fax numbers of Plaintiff

and the No Consent Class;

b.      Whether Defendant's faxes advertised the commercial availability or quality of

property, goods, or services;

c.      Whether Global Contact sent the fax advertisements without first obtaining

Plaintiff and the No Consent Class's prior express consent to do so;

d.      Whether Global Contact sent the fax advertisements without first obtaining

Plaintiff and the No Consent Class's prior permission or invitation to do so; and

e.      Whether Defendant's conduct was willful such that Plaintiff and the No Consent

Class are entitled to treble damages.

27.      **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class and has retained counsel competent and experienced in complex

class actions. Plaintiff has no interest antagonistic to those of the Class, and Global Contact has

no defenses unique to Plaintiff.

28.      **Policies Generally Applicable to the Class**: This class action is appropriate for

certification because Defendant has acted or refused to act on grounds generally applicable to the

Class as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the members of the Class and making final injunctive relief

appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply

to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices

hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable

only to Plaintiff.

29.      **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (<u>On Behalf of Plaintiff and the No Consent Class</u>)

30.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

32.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33.    The faxes sent by Global Contact advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes

8

are advertisements under the JFPA.

34.    Global Contact sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

35.    By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Global Contact violated 47 U.S.C. § 227(b)(1)(C).

36.    As a result of Defendant's conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

37.    Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

38.    Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lap Distributors on behalf of itself and the Class, prays for the following relief:

1.      An order certifying the Class as defined above, appointing Lap Distributors as the representative of the Class, and appointing its counsel as Class Counsel;

2.      An order declaring that Defendant's actions, as set out above, violate the JFPA;

3.      An order declaring that Defendant's faxes constitute unsolicited advertisements, and that Global Contact sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Global Contact from further violations, and otherwise protecting the interests of the Class;

4.      An award of actual and statutory damages;

5.      An award of pre-judgment interest;

6.      An award of reasonable attorneys' fees and costs; and

7.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**LAP DISTRIBUTORS, INC.**, individually and on behalf of all others similarly situated

Dated: February __, 2019                    By:   /s/

One of Plaintiff's Attorneys

Adam T. Savett (VSB# 73387)
Savett Law Offices LLC
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Class*

10

# Exhibit A

0-Oct-2018  20:04    Global Contact - Intl Publishing Corp - 866-274-63 Fax                    p.1

## Please return form no later than November 30th, 2018 Toll Free Fax: 1-866-274-6399

## USMCA/ NAFTA Register / The Directory of U.S. Companies    *PROOF COPY*

The Nafta Register® ISBN#0-9651569-0-7 Library of Congress Catalog Card Number: 96-094334

Published by: **Global Contact Int'l. Publishing**

16 West Main St.

Marlton, NJ 08053

Phone: 856-988-1160 Fax: 1-866-274-6399

Attn:

### Please review the information below and make any necessary corrections, additions, or deletions on this form. Please limit your description line to 55 characters per line. This is the information we will be using for your company listing in our directories.

Lap Distributors, Inc.

3515 Amber St

Philadelphia, PA 19134-2707

Contact Name:

Telep[redacted]

Fax: [redacted]

Emai[redacted]

Web Site Address: www.lapdistributors.com

Product / Service Description:

**Description Line # 1: Distributor of janitorial & restaurant supplies, including trash can liners, cleaning chemicals &**

**Description Line # 2: Import / Export**

**Description Line # 3:**

**Description Line # 4:**

**Description Line # 5:**

**Description Line # 6:**

**Description Line # 7:**

**Description Line # 8:**

**Description Line # 9:**

**Description Line # 10:**

\* Authorized Signature: _____

Printed Contact Name: _____

\* TERMS & CONDITIONS: By signing this form you are authorizing to have your company published on the Internet in Global Contact's directories. After this form is submitted, your company will be invoiced for your listing in Global Contact's publications. The annual fee is $110 for your company listing and $35 for each description line. This fee includes a free listing online, as well as a listing in our paid version of the Directory. Further you agree, after this form is submitted to Global Contact, your company is responsible for payment of the invoice. This listing will automatically renew on an annual basis until it is canceled in writing. Please see complete terms & conditions on our web site that pertain to your listing (www.globalcontact.com).

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 15603, or call 800-321-4433 or fax to 1-866-274-6399. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

12