# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| LAP DISTRIBUTORS, INC., a Pennsylvania corporation, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>   v.<br><br>GLOBAL CONTACT – INTERNATIONAL PUBLISHING CORPORATION, a New Jersey corporation,<br><br>  Defendants. | Civ. No. 19-6317 (RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon a Motion for Class Certification and for Leave to Take Discovery Prior to Entry of Final Judgment [Dkt. No. 8], filed by Plaintiff Lap Distributors, Inc.("Plaintiff"). For the reasons set forth herein, Plaintiff's motion will be **GRANTED**.

### I.   FACTUAL & PROCEDURAL BACKGROUND

On February 20, 2019, Plaintiff commenced this putative class action against Defendant Global Contact – International Publishing Corporation ("Defendant"), asserting two causes of action under the Telephone Consumer Protection Act of 1991, as

amended by the Junk Fax Prevention Act of 2005, 42 U.S.C. § 227, et seq. (the "TCPA"). Specifically, Plaintiff alleges that Defendant violated the TCPA's prohibitions against faxing, or having an agent fax, unsolicited advertisements to a recipient who lacks an established business relationship with the sender. Plaintiff seeks both statutory damages and injunctive relief.

As outlined in Plaintiff's motion, on at least two occasions, Plaintiff attempted to personally serve the summons and complaint upon Defendant's registered agent at the address listed with the New Jersey Secretary of State, but found that the office was unoccupied with no hours listed. Plaintiff also corresponded, by email, with various individuals believed to be owners and/or managers of Defendant, but these individuals refused to waive personal service.

After personal service upon Defendant could not be completed, "despite [Plaintiff's] diligent effort and inquiry," on April 8, 2019, Plaintiff served Defendant through the New Jersey State Division of Revenue and Enterprise Services, as permitted under N.J. Rev. Stat. § 2a:15-30-1. Eventually, Plaintiff moved for a Clerk's Entry of Default on August 20, 2019 [Dkt. No. 6], which was granted on August 22, 2019 [Dkt. No. 7]. Now, Plaintiff moves for class certification and leave to conduct discovery to identify class members and determine damages.

## II. LEGAL STANDARD

In Reinig v. RBS Citizens, N.A., 912 F.3d 115 (3d Cir. 2018), the United States Court of Appeals for the Third Circuit reiterated that "'[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'." Reinig, 912 F.3d at 124 (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348 (2011)(internal citations omitted). To invoke this exception, however, the Plaintiff moving for class certification bears the burden of affirmatively demonstrating by a preponderance of the evidence that the proposed class is ascertainable and meets the requirements of Rule 23. Byrd v. Aaron's Inc., 784 F.3d 154, 163 (3d Cir. 2015), as amended (Apr. 28, 2015).

Courts determine whether class certification is appropriate by conducting a two-step analysis. First, the court must evaluate whether the putative class satisfies the four requirements – numerosity, commonality, typicality, and adequacy - of Rule 23(a). Marcus v. BMW of North America, LLC, 687 F.3d 583, 590 (3d Cir. 2012)(citing Fed. R. Civ. P. 23(a)-(b)). If the district court is satisfied that Rule 23(a)'s requirements are met, then it must proceed to the second step and determine whether "the class fits within one of the three categories of class actions in Rule 23(b)." Reinig, 912 F.3d at 124–25

(internal citations omitted). Class certification is proper only if the district court is satisfied, after a "rigorous analysis," that plaintiff has established each element of Rule 23 by a preponderance of the evidence. Reinig, 912 F.3d at 25 (citing Marcus, 687 F.3d at 591).

III. DISCUSSION

As an initial matter, the Court notes that "the Clerk's entry of default in this case is no barrier to certification of Plaintiff's proposed class." Heinz v. Dubell Lumber Co., 2020 WL 1030785, at *1 (D.N.J. Mar. 3, 2020). See also Fayun Luo v. Qiao Xing Universal Resources, 2017 WL 2470248, at *2 (D.V.I. June 6, 2017)(granting class certification where defendant failed to appear and clerk entered default); Skeway v. China Natural Gas, Inc., 304 F.R.D. 467, 472 (D. Del. 2014)(explaining that "any other conclusion might give defendants an incentive to default in situations where class certification seems likely"). Furthermore, the Court is aware of analogous cases, in which district courts have granted class certification after a clerk's entry of default, but before a motion for default judgment had been granted. See Kron v. Grand Bahama Cruise Line, LLC, 328 F.R.D. 694 (S.D. Fla. 2018); Cortes v. Nat'l Credit Adjusters, L.L.C., 2017 WL 3284797 (E.D. Cal. Aug. 2, 2017).

4

Here, Plaintiff seeks certification of the following "no consent" class, pursuant to Rule 23(b)(3),: "All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Global Contact, (iv) for whom Global Contact did not have a record of prior express consent to send the facsimile advertisements at the time they were sent." [Dkt. No. 8, at p. 4].[1] In this matter, Plaintiff bears the burden of proving that this proposed class meets the four requirements of Rule 23(a) and fits within one of Rule 23(b)'s three sub-categories.

A. **Rule 23(a) Requirements**

Under Rule 23(a), Plaintiff must establish that four requirements – commonly referenced as numerosity, commonality, typicality, and adequacy – are satisfied.

---

[1] Plaintiff excludes the following individuals from the proposed class: "(1) any Judge or Magistrate presiding over this action and members of their families; (2) Global Contact, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Global Contact or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons."

### a. *Numerosity*

Rule 23(a)'s first prerequisite, numerosity, is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Determinations of whether numerosity is met must be "based upon common sense." Walling v. Brady, 1995 WL 447658, at *2 (D. Del. July 19, 1995). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds [forty], the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).

Plaintiff asserts that numerosity has been established because Defendant, by defaulting and failing to respond to Plaintiff's Complaint, has admitted to Plaintiff's allegation that "Global Contact faxed unsolicited advertisements to thousands of individuals and entities" without prior consent. Indeed, Defendant has failed to respond to the Complaint, or otherwise challenge the allegations therein. Thus, the Court relies upon Plaintiff's uncontested allegations and finds that the proposed class satisfies the numerosity requirement of Rule 23(a)(1).

### b. *Commonality*

The second prerequisite of Rule 23(a) is that "there are questions of law or fact common to the class." Fed. R. Civ. P.

23(a)(2). "[T]hat bar is not a high one;" it requires identification of only one common question of fact or law. Rodriguez v. Nat'l City Bank, 726 F.3d 372, 382 (3d Cir. 2013). This single, common question must be capable of "generat[ing] common answers apt to drive the resolution of the litigation." Dukes, 564 U.S. at 350 (emphasis in original). [A]s long as all putative class members were subjected to the same harmful conduct by the defendant, Rule 23(a) will endure many legal and factual differences among the putative class members." In re Community Bank of N. Va. Mortg. Lending Practices Litig., PNC Bank NA, 795 F.3d 380, 397 (3rd Cir. 2015).

In this case, Plaintiff and the proposed class share multiple common issues of law and fact, including whether: (1) Defendant sent fax advertisements without a prior business relationship; (2) Defendant sent advertisements without prior express consent; (3) Defendant's faxes advertised commercial availability or quality of property, goods, or services; (4) Defendant's conduct was willful. The Court finds that Plaintiff has alleged sufficient facts to suggest that these common issues can be resolved at once for all proposed class members.

### c. *Typicality*

The third prerequisite of Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Factual

differences will not defeat typicality if the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of class members and are based on the same legal theory." Frank v. Gov't of Virgin Islands, 2010 WL 1286077, at *3 (D.V.I. Mar. 31, 2010)(citing Danvers Motors Co., v. Ford Motor Co., 543 F.3d 141, 150 (3d Cir. 2008)).

Here, Plaintiff claims that Defendant transmitted unsolicited fax advertisements to both Plaintiff and all proposed class members in violation of the TCPA. Therefore, the Court finds that Plaintiff's claim arises from the same conduct, and is based on the same legal theory, as the claims of the putative class, and the typicality requirement Rule 23(a)(3) is satisfied.

### d. *Adequacy*

The fourth and final prerequisite of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy requires the district court to find that (1) the class representatives' interests do not "conflict with those of the class" and (2) proposed class counsel are "capable of representing the class." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 185 (3d Cir. 2001)(citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n.13 (1982)).

In this case, Plaintiff has the same interests as the members of the proposed class members, because all allegedly received unsolicited faxes from Defendant or its agents as a result of Defendant's uniform course of conduct. Thus, Plaintiff suffered the same injury and has the same claims as all proposed class members, raising no potential conflict of interest. Additionally, Plaintiff's counsel purports to have expertise and experience handling TCPA class actions, which would make them adequate class counsel. Therefore, the Court finds that the adequacy requirement of Fed. R. Civ. P. 23(a)(4) is satisfied.

### B. Rule 23(b) Requirements

Having concluded that Plaintiff has established the prerequisites of Rule 23(a), the Court must evaluate whether Plaintiff has satisfied that one of the Rule 23(b) subsections. Under Rule 23(b)(3), a party seeking class-certification must "prove by a preponderance of the evidence that the class is ascertainable." Byrd, 784 F.3d at 163. Additionally, a party seeking certification must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See Fed. R. Civ. P. 23(b)(3). These criteria are referred to as Rule 23(b)(3)'s ascertainability,

9

predominance, and superiority requirements. See, e.g., Byrd, 784 F.3d at 162.

### a. *Ascertainability*

In addition to Rule 23's explicit requirements, the Plaintiff must demonstrate that the proposed class is clearly defined and objectively ascertainable. See Marcus, 687 F.3d at 591. A class is ascertainable if it is (1) "defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." Byrd, 784 F.3d at 163. However, "a plaintiff [need not] be able to identify all class members at class certification—instead, a plaintiff need only show that class members can be identified." Id.

In the Motion for Class Certification, Plaintiff argues that the proposed class is ascertainable because it is defined in objective terms (individuals who were sent a fax during a specific time frame without a prior business relationship or consent) and that class members can be identified by obtaining discovery of Defendant's fax records during that time frame. The Court agrees that the proposed class is ascertainable

### b. *Predominance*

The predominance element of Rule 23(b)(3) is closely related to the commonality element of Rule 23(a). Rule 23(b)(3)

requires a district court to find that the "questions of law or fact common to class members predominate over any questions affecting only individual members." See Fed. R. Civ. P. 23(b)(3). "Whereas 'Rule 23(a)(2)'s commonality element requires that the proposed class members share at least one question of fact or law in common with each other,' the Rule 23(b)(3) predominance element 'requires that common issues predominate over issues affecting only individual class members.'" In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 266 (3d Cir. 2009)(quoting In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 527–28 (3d Cir. 2004)). When examining predominance, the court must undertake a "rigorous analysis" to determine whether class-wide issues outweigh individual issues. See Williams v. Jani-King of Phila. Inc., 837 F.3d 314, 319 (3d Cir. 2016)(quoting Dukes, 564 U.S. at 351).

As explained by the Third Circuit, "the focus of the predominance inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." Sullivan v. DB Investments, Inc., 667 F.3d 273, 298 (3d Cir. 2011). In this case, where Plaintiff has alleged that Defendant subjected both Plaintiff and the proposed class to same type of unsolicited faxes, all proposed class members were harmed in the

same way as Plaintiff. As such, the Court finds that the predominance requirement is met.

### c. *Superiority*

Rule 23(b)(3) also requires that "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In making its superiority determination, the Court considers four nonexclusive factors: "(1) the interest of individual members of the class in individually controlling the prosecution of the action; (2) the extent of litigation commenced elsewhere by class members; (3) the desirability of concentrating claims in a given forum; and (4) the management difficulties likely to be encountered in pursuing the class action." In re Prudential Ins. Co. of Am. Sales Practice Litig., 962 F. Supp. 450, 522 (D.N.J. 1997). "[T]he superiority requirement 'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" Beneli v. BCA Fin. Sen's., Inc., 324 F.R.D. 89, 99 (D.N.J. 2018)(quoting In re. Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 316 (3d Cir. 1998)).

Courts around the country, including courts in this district, have routinely recognized that class actions are the superior, and most efficient, method of adjudicating TCPA

violations. See, e.g., A & L Indus., Inc. v. P. Cipollini, Inc., 2013 WL 5503303, at *5 (D.N.J. Oct. 2, 2013)(noting that the plaintiff's "TCPA claim [is] better off resolved in a single class action than in numerous individual ones. Rule 23(b)(3) itself defines superiority in terms of efficiency. In the absence of class treatment, duplicate evidence of Defendant's alleged TCPA violation would have to be provided in hundreds if not thousands of individual lawsuits"). Therefore, the Court finds that Plaintiff has established all prerequisites under Rule 23(b)(3) for class certification.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Class Certification and for Leave to Take Discovery will be **GRANTED**. An Order consistent with this Opinion shall issue on this date.

DATED: April 1, 2020

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE